In re Bobbie Jean HEATH.

Bobbie Jean Heath, Debtor and Plaintiff on Behalf of Herself and Others Similarly Situated, Plaintiff,

v.

General Motors Acceptance Corporation, Defendant.

Bankruptcy No. 88–42576.
Adversary No. 97–4113.

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 19, 2004.

Don Barrett, Lexington, MS, Frederick B. Clark, Greenwood, MS, John M. Duck, Michael G. Crow, Adams & Reese, LLP, New Orleans, LA, for Bobbie Jean Heath.

William H. Leech, McGlinchy Stafford, PLLC, Jackson, MS, Jess Dickinson, Gulfport, MS, for General Motors Acceptance Corporation.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is the Plaintiff's Second Supplemental and Amended Motion for Class Certification; response thereto having been filed by the defendant, General Motors Acceptance Corporation (GMAC); and the court, having heard and considered same, hereby finds as follows, to-wit:

## I.

### JURISDICTION

The court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, as well as, the General Order of Reference entered by the United States District Court for the Northern District of Mississippi on July 27, 1984. This is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

## II.

### FACTUAL SUMMARY

In July, 1988, the plaintiff financed the purchase of a 1987 Pontiac Sunbird through the defendant, GMAC. On December 20, 1988, the plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. At the time of filing, she owed GMAC the approximate sum of $9,806.89.

The plaintiff timely filed her Chapter 13 plan and proposed to pay GMAC the value of the 1987 Pontiac Sunbird, i.e., $6,500.00, plus interest at the rate of 12% per annum over a period of sixty months. Nothing was to be paid on GMAC's unsecured deficiency claim. On June 6, 1989, since there were no objections to confirmation, an order confirming the plaintiff's Chapter 13 plan was entered by the court. The plaintiff met all of the obligations required by her plan and ultimately received a discharge pursuant to § 1328 of the Bankruptcy Code on March 25, 1994. The order of discharge effectively relieved the plaintiff from liability as to both the secured and unsecured portions of the indebtedness owed to GMAC.

According to the allegations set forth in her complaint, the plaintiff attempted to purchase a car from Delta Chevrolet, Inc., Greenwood, Mississippi, in February, 1997. The purchase of the vehicle was to be financed again through GMAC. The plaintiff was advised that, as a condition for financing this purchase through GMAC, she would be required to satisfy the balance owed from her former purchase of the 1987 Pontiac Sunbird. The plaintiff then tendered a check, payable to GMAC, through the dealership for a sum approximately equivalent to the unsecured deficiency claim discharged in her bankruptcy case. Shortly thereafter, once GMAC learned that it had received the payment

of a discharged debt, it promptly refunded the money to the plaintiff's attorney.

Initially, the plaintiff sought to represent a nationwide class of debtor claimants that were denied financing for a subsequent automobile purchase until a previous indebtedness, which had been discharged in bankruptcy, had been fully paid or satisfied. The court conditionally certified this proposed class pursuant to Rule 23(c)(1), Federal Rules of Civil Procedure. However, the class was subsequently decertified because the numerosity requirement of Rule 23(a)(1), Federal Rules of Civil Procedure, could not be met.

Following extensive discovery conducted in this proceeding, the plaintiff filed her Second Supplemental and Amended Motion for Class Certification, which is the subject of this opinion. In this motion, the plaintiff seeks certification of a class defined as follows, to-wit:

> All persons or individuals who were GMAC customers who (1) received financing from GMAC for the purchase or lease of a motor vehicle; (2) filed a petition for relief under any appropriate chapter of the Bankruptcy Code at a time when GMAC was a secured or unsecured creditor; (3) were discharged for any portion of their debt to GMAC; or (4) have not yet been discharged and (a) the amount of debt discharged in Bankruptcy has been or will be maintained on GMAC's "paid in full inquiry screen" or in any database readily available to personnel in a position to unlawfully utilize such information and (b) have or may receive their title or release of lien to the financed vehicle after discharge in excess of the time permitted by applicable state law and/or (c) whose records have or will be inadequate to evidence or reflect the time of delivery of title after discharge.

Excluded from the Class are Defendant, any parent, subsidiary, or affiliate of Defendant; the officers, directors, agents, servants, or employees of any of the same; and the members of the Judicial Branch of the United States Government, and the members of the immediate families of any such person.

The plaintiff has advised that no longer is she seeking actual or punitive damages from GMAC, but rather she is pursuing only injunctive or declaratory relief which is characterized in her reply memorandum as follows, to-wit:

> The Plaintiff now seeks injunctive relief to insure that the policies and procedures implemented by GMAC in response to this lawsuit will remain in effect and will be systematically followed by GMAC after this lawsuit is concluded so that current and future Bankruptcy debtors are not prejudiced by GMAC's practices, policies and procedures that facilitated its discrimination against discharged debtors in violation of the Bankruptcy Code and in violation of and in contradiction to the fresh start policy of the Bankruptcy Code.

(The preceding paragraph refers to allegations that GMAC deliberately or negligently withheld motor vehicle certificates of title, in violation of state laws, long after the debtors had received their discharges in bankruptcy.)

> Further, Plaintiff and thousands of other GMAC debtors seek to enjoin GMAC from maintaining the exact amounts discharged in Bankruptcy on GMAC's "paid in full inquiry screen" which serves no legitimate purpose and facilitates GMAC's violation of the discharge injunction and the Bankruptcy Code's fresh start policy, as well as, discrimination against discharged debtors. Therefore, Plaintiff requests that this Court enjoin GMAC from maintaining exact

amounts discharged in Bankruptcy on the "paid in full inquiry screen"...

("The preceding paragraph refers to an 'in house' procedure utilized by GMAC to record customer debts discharged in bankruptcy cases.")

Interestingly, insofar as the retention of the motor vehicle certificates of title is concerned, there is a sharp factual dispute in the plaintiff's individual circumstances. The records maintained by GMAC reflect that the plaintiff's certificate of title was mailed to her even before she received her discharge in bankruptcy, while, in contrast, the plaintiff indicates that she has never received her certificate evidencing the release of GMAC's lien.

At an earlier hearing, the court made inquiry of the plaintiff's attorney as to whether the plaintiff was asserting that the retention of the motor vehicle certificates of title was a surreptitious attempt by GMAC to collect an otherwise discharged debt. The following exchange appears in the hearing transcript:

> Mr. Barrett (Plaintiff's attorney): The claim is not that GMAC holds titles illegally to enforce payment of a discharged debt.
> Court: Are you saying that you agree with Mr. Dickinson (GMAC's attorney) that the withholding of the title is not a tactic to induce the payment of a dischargeable debt?
> Mr. Barrett: Your Honor, yes, sir.
> Mr. Crowe (Plaintiff's attorney): Yes, sir.
> Mr. Barrett: Yes, sir, we are, at least we can't prove that. Probably we could prove it in individual cases, that is, Ms. Heath's, but we cannot prove that class wide, that is correct.

Concerning the "paid in full inquiry screen" issue, the plaintiff alleges that the maintenance of this information by GMAC facilitates its ability to discriminate unfairly against discharged debtors. GMAC asserts responsively that it is entitled to maintain information which assists in justifying accounting entries made on prior accounts, which cautions GMAC employees about the uncollectability of "charge-offs" by labeling them as bankruptcy matters, and which assesses the risks associated with potential customers' new contracts.

In oral argument, the plaintiff's attorney implied that the use of this recorded information violates § 525 of the Bankruptcy Code. However, the court is of the opinion that this particular section is not implicated in any way whatsoever by the maintenance of the "paid in full inquiry screen." It will not be addressed further in this opinion.

## III.

### DISCUSSION

The requirements of Rule 23(a) and (b), Federal Rules of Civil Procedure, which are made applicable to bankruptcy adversary proceedings pursuant to Rule 7023, Federal Rules of Bankruptcy Procedure, determine whether a class action should be certified. These provisions are set forth as follows:

**Rule 23. Class Actions**

**(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class Actions Maintainable.** An action may be maintained as a class

action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encoun-

tered in the management of a class action.

In this proceeding, there are only two issues that merit discussion: (1) whether GMAC intentionally or negligently retained motor vehicle certificates of title and, consequently, refused to release its liens on the related automobiles in excess of the time permitted by applicable state laws following the debtors' discharges in bankruptcy; and (2) whether GMAC's maintenance of a discharged debtor's name and the amount of the debt discharged on the "paid in full inquiry screen" or on any data base readily available to personnel, in a position to unlawfully utilize such information, should be enjoined. The interaction of these issues with the requirements of Rule 23(a) and (b) will be discussed separately.

(1) Whether GMAC intentionally or negligently retained motor vehicle certificates of title and, consequently, refused to release its liens on the related automobiles in excess of the time permitted by applicable state laws following the debtors' discharges in bankruptcy.

■ As noted in the factual summary hereinabove, the plaintiff candidly acknowledged, that for purposes of class certification, she cannot establish "class wide" that GMAC's alleged retention of the motor vehicle certificates of title constitutes a violation of the Bankruptcy Code's discharge injunction set forth in § 524(a)(2). As such, the plaintiff is effectively asking this court to enjoin GMAC from violating applicable state laws regulating the release of motor vehicle certificates of title following the payment of the related indebtedness or, alternatively, to enjoin GMAC to insure that the policies and procedures that it implemented in response to this lawsuit will remain in effect and will be systematically followed by GMAC after this lawsuit is concluded. In substance,

this translates to injunction demands for GMAC to comply with a variety of state laws, as well as, to continue doing what it is already doing.

As noted earlier, there is a material factual dispute as to when the plaintiff actually received her title from GMAC. From the court's perspective, there could be numerous differences in what the plaintiff experienced as to the receipt, if at all, of her certificate of title compared to what might have happened with other potential class members.

In addition to disparities in the applicable state laws, several fairly obvious variables which could arise are set forth as follows:

(a) The adequacy and timing of the notices that were disseminated to GMAC advising it of the debtors' discharges.

(b) Whether or not there were co-debtors on the particular accounts.

(c) Whether the pertinent bankruptcy cases were filed as or converted to Chapter 7 where the liens on the vehicles could likely survive the debtors' discharges.

(d) Whether the cases were dismissed and the debtors received no discharge.

(e) Whether there were reaffirmation agreements filed in the Chapter 7 cases which necessitated the retention of the certificates of title long after the debtors' discharges.

(f) Whether the automatic stay was lifted permitting a repossession of the vehicle which would indicate that the certificate of title was never returned to the debtor who may or may not have received a discharge.

Insofar as this issue is concerned, the court is not convinced that the plaintiff's claim meets either the typicality or com-monality requirements of Rule 23(a)(2) or (3), Federal Rules of Civil Procedure. There are simply too many potential inconsistencies that could arise insofar as the plaintiff's factual circumstances are concerned as compared to those of other potential class members. Consequently, the court declines to certify a class as to this particular issue.

(2) Whether GMAC's maintenance of a discharged debtor's name and the amount of the debt discharged on the "paid in full inquiry screen" or on any data base readily available to personnel, in a position to unlawfully utilize such information, should be enjoined.

As perceived by the court, the maintenance of the "paid in full inquiry screen" is a record keeping procedure utilized by GMAC to track debts that have been discharged in bankruptcy. The listing reflects the customer's name and the amount of the debt discharged. It is available "in house" to GMAC officials and employees.

The plaintiff contends that this procedure allows GMAC to discriminate unfairly against its customers who have filed or will file bankruptcy cases. The plaintiff also alleges that the availability of this listing facilitates GMAC's ability to collect otherwise dischargeable debts by targeting the debtor customer community. To the contrary, there has been no suggestion, anecdotal or otherwise, that this information has been used unlawfully or even improperly.

GMAC counters this argument with the assertion that the "paid in full inquiry screen" is a legitimate mechanism used to monitor the credit worthiness of potential customers in addition to serving as a normal business record which reflects relevant information of financial concern.

■ Before class certification of a cause of action can be sustained, there

must be a showing that a cognizable or viable cause of action actually exists. The court has seen nothing to indicate that GMAC's maintenance of the "paid in full inquiry screen" is sinister or inherently wrong. The plaintiff seeks injunctive and declaratory relief to proscribe what appears to be a legitimate record keeping function by GMAC. As such, the court declines to certify a nationwide class to pursue this cause of action.

## IV.

### CONCLUSION

For the reasons cited hereinabove, the court finds that the Plaintiff's Second Supplemental and Amended Motion for Class Certification is not well taken. By a separate order, entered contemporaneously herewith, the said motion will be overruled.